UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: $887,000.00 in UNITED STATES                )
CURRENCY SEIZED FROM JAN PAULINO      )

### NOTICE OF MOTION AND LOCAL RULE 7.1 CERTIFICATE

TO:

The United States Attorney's Office for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

and

The United States Department of Justice
Asset Forfeiture Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(CERTIFIED MAIL)


PLEASE TAKE NOTICE that Claimant, JAN PAULINO, by and through undersigned counsel, hereby moves this Honorable Court for an order pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(a)(3)(B) directing the return of $887,000.00 in U.S. currency seized from Claimant on or about May 9, 2025, and for such other relief as the Court deems just and proper.

This motion is based upon the accompanying Motion for Return of Property and supporting exhibits, the Proposed Order, and such further evidence or argument as may be presented at hearing.

LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2) of the United States District Court for the District of Massachusetts, undersigned counsel certifies that, prior to filing this motion, counsel attempted in good faith to confer with representatives of the Department of Justice and the Federal Bureau of Investigation in an effort to resolve the matter without court intervention, but no response or

resolution was obtained.

                                  Respectfully Submitted,

                                  JAN PAULINO, claimant,
                                  By His Attorney,

                                  <u>/s/ *Benjamin P. Urbelis*</u>
                                  Benjamin P. Urbelis
                                  BBO# 672895
                                  Urbelis Law, LLC
                                  44 School Street, 6th Floor
                                  Boston, MA 02108
                                  (617) 830- 2188
                                  Ben@urbelislaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: $887,000.00 in UNITED STATES           )
CURRENCY SEIZED FROM JAN PAULINO    )

**CLAIMANT'S MOTION FOR RETURN OF PROPERTY
PURSUANT TO FED. R. CRIM. P. 41(g)
AND 18 U.S.C. § 983(a)(3)(B)**

I.    INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(a)(3)(B), the claimant, JAN PAULINO ("Claimant"), respectfully moves this Honorable Court for an order directing the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") to immediately return $887,240.00 in United States currency unlawfully retained following expiration of the statutory 90-day period for initiation of judicial forfeiture proceedings.

The government seized Claimant's property on May 9, 2025. On a letter dated July 3, 2025, The FBI/Department of Justice subsequently mailed a Notice of Seizure and Initiation of Administrative Forfeiture Proceedings. On July 21, 2025, undersigned counsel timely filed a verified claim on Claimant's behalf through the DOJ's online forfeiture portal pursuant to 18 U.S.C. § 983(a)(2), and the following day, DOJ sent a letter to Claimant and undersigned counsel, acknowledging receipt of the verified claim, and referral to the United States Attorney's Office for the District of Massachusetts.

More than 90 days have passed since that claim was filed, yet the government has not filed a judicial forfeiture complaint, obtained an extension from any court, or returned the seized funds. Accordingly, the government's continued retention of Claimant's property is unlawful.

II.     FACTUAL BACKGROUND

1. On May 9, 2025, Massachusetts State Police conducted a traffic stop involving Claimant. During the encounter, officers discovered approximately $887,240.00 in U.S. currency in a duffel bag.

2. The currency was seized, transferred to the FBI, and subsequently adopted for federal administrative forfeiture. **Exhibit A**. (Exhibit A merely approximates the amount seized, which the DOJ followed- up by stating the exact amount seized in its notice attached as Exhibit B).

3. On or about July 3, 2025, the Department of Justice issued and mailed a Notice of Seizure and Initiation of Administrative Forfeiture Proceedings. **Exhibit B**.

4. On July 21, 2025, undersigned counsel timely filed a verified claim under 18 U.S.C. § 983(a)(2) contesting the forfeiture on Claimant's behalf through the DOJ's official online forfeiture portal, and the DOJ acknowledged the verified claim. **Exhibit C**.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A), the government then had 90 days—until October 19, 2025—to file a judicial forfeiture complaint, obtain a court-approved extension, or return the seized funds.

6. To date, the government has done none of these things. No civil or criminal forfeiture complaint has been filed, no extension has been sought or granted, and no return of property has occurred.

7. On October 27, 2025, counsel for Claimant sent a written demand to the Department of Justice

and FBI through United States Postal Service Certified Mail, requesting prompt return of the seized funds under § 983(a)(3)(B). **Exhibit D**. No response was received.

## III.     LEGAL STANDARD

Rule 41(g) provides:

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

When no criminal proceeding is pending, the motion is treated as a civil equitable action. <u>United States v. Comprehensive Drug Testing, Inc.</u>, 621 F.3d 1162, 1172 (9th Cir. 2010). The government bears the burden of showing a lawful reason to retain the property. <u>United States v. Chambers</u>, 192 F.3d 374, 377 (3d Cir. 1999).

## IV.     ARGUMENT

**A. The Government Failed to Comply with 18 U.S.C. § 983(a)(3), therefore Requiring Return of Property to Claimant.**

Under § 983(a)(3)(A) of the Civil Asset Forfeiture Reform Act ("CAFRA"), once a claim is filed:

"the Government shall file a complaint for forfeiture … not later than 90 days after a claim has been filed … or return the property pending the filing of a complaint."

If the government fails to do so, § 983(a)(3)(B) requires:

"the Government shall promptly release the property and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."

These provisions are mandatory. When the 90-day deadline passes without a complaint or court extension, the government loses jurisdiction over the property.

Here, Claimant's verified claim was filed on July 21, 2025. The 90-day deadline expired on October 19, 2025. The government neither filed a complaint nor returned the property, and no court order extended the deadline. Thus, the government's continued possession violates CAFRA and deprives Claimant of property without due process. Courts have consistently held that such delay mandates return of the property. See, e.g., <u>United States v. $229,590 in U.S. Currency</u>, 2006 WL 2475331 (D. Md. Aug. 25, 2006) (ordering return of funds after untimely filing); <u>United States v. Funds from Prudential Sec.</u>, 300 F. Supp. 2d 99 (D.D.C. 2004) ("The government's failure to file a timely complaint or obtain an extension requires dismissal of the forfeiture and return of the property."); <u>United States v. Martin</u>, 460 F. Supp. 2d 669 (D. Md. 2006) (ordering return of property after government missed 90-day CAFRA deadline).

**B. Claimant Is Entitled to Interest and Fees.**

Under 28 U.S.C. § 2465(b)(1), when a claimant "substantially prevails" in a civil forfeiture proceeding, the United States is liable for:

- reasonable attorney's fees and costs, and
- interest actually paid or imputed on the seized funds.

Claimant therefore requests that any order directing return also provide for statutory interest and reasonable fees.

V. RELIEF REQUESTED

For the foregoing reasons, Claimant respectfully requests that this Court:

1. Order the immediate return of the $887,240.00 in U.S. currency seized from Claimant on May 9, 2025;

2. Declare that the government's forfeiture authority as to this property is extinguished under 18 U.S.C. § 983(a)(3)(B);

3. Award interest, attorney's fees, and costs pursuant to 28 U.S.C. § 2465(b)(1); and

4. Grant such other and further relief as the Court deems just and proper.

November 10, 2025                    Respectfully Submitted,

                                     JAN PAULINO, claimant,
                                     By His Attorney,


                                     /s/ Benjamin P. Urbelis
                                     Benjamin P. Urbelis
                                     BBO# 672895
                                     Urbelis Law, LLC
                                     44 School Street, 6th Floor
                                     Boston, MA 02108
                                     (617) 830- 2188
                                     Ben@urbelislaw.com


**CERTIFICATE OF SERVICE**

I, Benjamin P. Urbelis, certify that this document, filed through the ECF system, will be sent electronically to the United States Attorney's Office for the District of Massachusetts, and by certified mail to the Department of Justice Asset Forfeiture Section in Washington, D.C.

/s/ Benjamin P. Urbelis